IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LUCAS STERLING AND LESLIE STERLING, | CV 25-34-M-KLD |
| Plaintiffs, | |
| vs. | ORDER |
| THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, MONTANA DEPARTMENT OF ENVIRONMENTAL QUALITY, | |
| Defendants. | |

Plaintiffs Lucas and Leslie Sterling, who are proceeding pro se, bring this action against the above-named Defendants alleging personal injury and property damages arising from "negligence and exposure" to toxic chemicals associated with a previous Superfund site. (Doc. 4 at ¶ 1). This matter comes before the Court on two motions: (1) the United States of America's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. 10); and (2) Plaintiffs' motion for a temporary restraining order and preliminary injunction to enjoin non-parties Whitefish Credit Union and Ryan Purdy, Frampton Purdy Attorneys at Law (collectively "Whitefish Credit Union

and Purdy") from conducting a trustee's sale of real property owned by Plaintiffs and located at the former Superfund site (Doc. 15).

## I.    **Background**

Plaintiffs originally filed their Complaint in the Montana Eleventh Judicial District Court for Flathead County on February 26, 2025. (Doc. 4). Plaintiffs allege that Defendants United States Environmental Protection Agency (EPA) and Montana Department of Environmental Quality (Montana DEQ) conducted cleanup activities at a previous Superfund site called "Beaverwood Products in Columbia Falls, MT that was 1 parcel at 40 acres." (Doc. 4 at ¶ 6). Plaintiffs assert that Defendants conducted cleanup activities at the Superfund site from approximately 2000 through 2007 and placed land use restrictions on the property "stating it was not intended for residential" use. (Doc. 4 at ¶¶ 1, 6). Plaintiffs claim they purchased the property "in 2008 with no disclosure about it being a previous Superfund Site." (Doc. 4 at ¶ 6). According to Plaintiffs, "they were not informed there were toxic chemicals on the property that were 2 ½ times over the safety requirement for residential until 4-4-2024, which accumulates to 16 years of exposure." (Doc. 4 at ¶ 1).

Plaintiffs assert a claim for negligence, alleging the EPA and Montana DEQ owed them a duty of care, including the duty to monitor pollution levels and ensure compliance with environmental laws. (Doc. 4 at ¶ 9). Plaintiffs allege Defendants

breached their duty of care by failing to notify them "immediately when they found out that there was a disturbance at the Beaverwood Superfund site, and that a house had been place[d] there." (Doc. 4 at ¶ 10). Plaintiffs assert that Defendants "were aware of this in 2008 yet made no attempt to let [Plaintiffs] know about anything until they showed up at the residence in 2016" and failed to disclose that "there were potential threats to [Plaintiffs'] health and safety until 2024 after 16 years of exposure that could have been prevented." (Doc. 4 at ¶ 10). Plaintiffs request $36,740,000 in damages "to cover the loss of their property at market value as well as to cover the loss in their business and to cover the health implications for themselves and their children and possible grandchildren due to negligence and the exposure that was caused by the Defendants." (Doc. 4 at ¶ 1).

On March 6, 2025, the United States—on behalf of the EPA—removed the case to this Court pursuant to 28 U.S.C. §§ 1446(a) and 1442(a)(1), which permits federal agencies sued in state court to remove actions to federal court. (Doc. 1). The United States moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on the ground that Plaintiffs failed to exhaust their administrative remedies under the Federal Tort Claims Act (FTCA), 28 U.S.C §§ 1346(b) 2671 et seq. (Docs. 10, 11). On October 7, 2025, Plaintiffs filed a motion for temporary restraining order and preliminary injunction, seeking to enjoin non-parties Whitefish Credit Union and Purdy from conducting a trustee's sale of their

property on November 20, 2025. (Doc. 15). The Court addresses both motions in turn.

## II.    The United States' Motion to Dismiss

### A.    Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction over the claims asserted. "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Rattlesnake Coalition v. United States Environmental Protection Agency*, 509 F.3d 1095, 1102 n. 1 (9th Cir. 2007).

A defendant may pursue a Rule 12(b)(1) motion to dismiss for lack of jurisdiction either as a facial challenge to the allegations of a pleading, or as a substantive challenge to the facts underlying the allegations. *Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

When resolving a factual attack, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary

judgment." *Safe Air for Everyone*, 373 F.3d at 1039. Where the moving party has "converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Savage*, 343 F.3d at 1039 n. 2). In looking to matters outside the pleadings, the court must "resolve all disputes of fact in favor of the non-movant...similar to the summary judgment standard." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996). As with a motion for summary judgment, the party moving to dismiss for lack of subject matter jurisdiction "should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th Cir. 2001).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear

that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).

### B.    Discussion

It is well settled that the United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The FTCA waives the United States' sovereign immunity for certain tort claims, including "claims against the United States, for money damages … for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The FTCA vests the federal district courts with exclusive jurisdiction over all such claims and provides the exclusive remedy for tort claims against federal agencies and their employees. 28 U.S.C. § 1346(b)(1); *see FDIC v. Meyer*, 510 U.S. 471, 475-76 (1994); *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998).

Because Plaintiffs allege negligent conduct by the EPA and seek tort damages, the United States appropriately construes their claims as arising under the FTCA. As a prerequisite to filing suit in federal court under the FTCA, a plaintiff must first exhaust all administrative remedies. 28 U.S.C. § 2675(a). The FTCA's exhaustion requirement provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). The FTCA requires that a plaintiff present a claim to the appropriate federal agency within two years of the date the claim accrues or the claim "shall be forever barred." 28 U.S.C. § 2401(b). Federal regulations specify that a claim is deemed to have been presented for purposes of the FTCA when:

> a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a). To satisfy this presentment requirement, a claimant must "file (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Cadwalder v. United States*, 45 F.3d 297, 301 (9th Cir. 1995) (citation omitted). "[I]n multiple claimant actions under the FTCA 'each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim.'" *Dalrymple v.*

*United States*, 460 F.3d 1318, 1325 (11th Cir. 2006) (quoting *Haceesa v. United States*, 309 F.3d 722, 734 (10th Cir. 2002)).

"An administrative claim is deemed exhausted once the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing." *D.L. by and through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir 2017). A plaintiff may not bring suit under the FTCA "without first filing [a] claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992). A plaintiff cannot cure the premature filing of an FTCA action by filing an amended complaint and must instead file a new suit. *See Warr v. United States*, 2023 WL 9019062, at *2 (C.D. Cal. July 17, 2023) (citing several cases including *Martinez v. United States*, 2022 WL 1271143, at *2 (S.D. Cal. 2022) ("The premature filing of an FTCA action cannot be cured by the filing of an amended complaint, but instead, the plaintiff must file a new suit.")).

The FTCA's administrative exhaustion requirement is jurisdictional and may not be waived. *D.L.*, 858 F.3d at 1244 (citing *Jerves*, 966 F.2d at 519). The plaintiff bears the burden of establishing subject matter jurisdiction under the FTCA. *Young v. United States*, 769 F.3d 1047, 1052 (9th Cir. 2014); *see also*

*Fishman v. United States*, 2015 WL 13919103, at *6 (C.D. Cal. March 4, 2015) ("A plaintiff has the initial burden to plead and prove compliance with the FTCA administrative claim requirements.") (citing *Sabow v. United* States, 93 F.3d 1445, 1451 (9th Cir. 1996) and *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980)).

Here, the United States argues in its opening brief that the Complaint is facially deficient because it does not allege or establish that Plaintiffs exhausted their administrative remedies by filing a Standard Form 95 with the EPA and having their claim denied before filing suit. (Doc. 11). The United States also asserts a factual challenge to jurisdiction and relies on a declaration by EPA Claims Officer Kenneth Redden to establish that Plaintiffs failed to exhaust their administrative remedies. (Doc. 11 at 5, citing Doc. 11-2). Redden is responsible for processing and monitoring all administrative claims presented to the EPA arising under the FTCA. (Doc. 11-2 at ¶ 2). Redden states that he searched EPA records to determine whether Plaintiffs presented an administrative claim prior to filing suit as required by 18 U.S.C. § 2675(a) and found that the agency had received an administrative claim from Plaintiffs on March 4, 2025. (Doc. 11-1 at ¶¶ 3-4). At the time of Redden's declaration in April 2025, the EPA had not denied the claim. (Doc. 11-1 at ¶ 4). Because Plaintiffs filed their Complaint in February 2025—before their administrative claim had been presented to or denied by the EPA, the

United States contends this matter should be dismissed for lack of subject matter jurisdiction based on Plaintiffs' failure to exhaust their administrative remedies.

In response, Plaintiffs argue that a "letter of intent to sue" they sent to the EPA on May 8, 2024, satisfied the FTCA's administrative claim exhaustion requirement. (Doc. 12 at 2, citing Doc. 12-2). Plaintiffs' letter provided the factual background for their dispute with the EPA—including allegations of personal injury and property damage due to the agency's negligence—and made various settlement demands. (Doc. 12-2 at 1-2). Plaintiffs demanded $1,200,000 for the purchase of their real property and $540,000 for loss of business revenue. (Doc. 12-2 at 3). Plaintiffs also asked "for medical reparations for all family members that have lived on the property since 2008" and for their future grandchildren. (Doc. 12-2 at 3). Plaintiffs requested "a settlement of $10,000,000 Per person in the family and an amount of $25,000,00.00 to be put into a trust account for their grandchildren." (Doc. 12-2 at 3).

The EPA responded to Plaintiffs' letter on June 6, 2024. (Doc. 12-3). The EPA clarified the history of the response work previously conducted at the Beaver Wood Products Site and proposed conducting a further removal action to excavate and remove contaminated soils on Plaintiffs' property. (Doc. 12-3). In closing, the EPA expressly advised Plaintiffs that if they intended to bring an administrative claim against the EPA under the FTCA, they would be required to "fill out the

Standard Form 95 (attached to this letter) for each person who is bringing a claim against EPA." (Doc. 12-3 at 3).

The EPA's response made clear that it did not consider Plaintiffs' letter of intent to sue to be an administrative tort claim. Although Plaintiffs alleged negligence on the part of the EPA and made sum certain settlement demands, they ostensibly did so not only on their own behalf but also on behalf of several other "family members" and "possible grandchildren." (Doc. 12-2). Consistent with the FTCA, pursuant to which each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim, the EPA instructed Plaintiffs that if they intended to bring an administrative claim under the FTCA they would need to fill out a Standard Form 95 for each person bringing a claim. (Doc. 12-3 at 3).

Approximately eight months later, on February 26, 2025, Plaintiffs completed two Standard Form 95s and attached them to their state court Complaint. (Doc. 4 at 1-11). The EPA received Plaintiffs' administrative claim on March 4, 2025. (Doc. 11-1 at ¶ 4). Taking March 4, 2025, as the filing date, Plaintiffs' administrative claim would not have been deemed denied by the passage of time until six months later, on or about September 4, 2025. (Doc. 11 at 5). Because Plaintiffs filed this action on February 26, 2025, before having exhausted their administrative remedies, Plaintiffs' FTCA claims against the United States

were filed prematurely and must be dismissed for lack of subject of matter jurisdiction.

The United States asks the Court to dismiss Plaintiffs' FTCA claims with prejudice. (Docs. 11 at 5, 14 at 3). A pro se plaintiff must be given the opportunity to amend unless it is "absolutely clear that deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). Because the administrative claim Plaintiffs filed on March 4, 2025 may have been deemed denied on September 4, 2025, it is possible that Plaintiffs may now be able to allege facts showing that they have exhausted their administrative remedies as required to establish subject matter jurisdiction under the FTCA. Dismissal without prejudice is therefore appropriate.

Plaintiffs have also alleged negligence claims against Montana DEQ. (Doc. 4). Although Montana DEQ has entered an appearance in the case, it has not moved to dismiss Plaintiffs' claims or filed any other motions. Plaintiffs do not allege any basis for the Court to exercise federal question or diversity subject matter jurisdiction as to Montana DEQ. *See Department of Fair Employment and Housing. v. Lucent Techs., Inc.*, 642 F.3d 728, 737 (9th Cir. 2011) ("For the purposes of diversity jurisdiction, a State is not a citizen of itself" and "neither a state nor a state agency [can] be a party to a diversity action.") (citations omitted).

Accordingly, Plaintiffs' claims against Montana DEQ are properly remanded to state court.

### III.    <u>Plaintiffs' Motion for a Temporary Restraining Order</u>

Plaintiffs have also filed a motion for a temporary restraining order and preliminary injunction to enjoin non-parties Whitefish Credit Union and Purdy from conducting a trustee's sale of the real property owned by Plaintiffs. (Doc. 15). Plaintiffs state that the trustee's sale is scheduled to take place on November 20, 2025. (Doc. 15).

Because the Court lacks subject matter jurisdiction over this action for the reasons explained above, it does not have the power to issue a temporary restraining order or preliminary injunction. *See e.g. Ryan v. Best in Slot, LLC*, 2025 WL 2617077, at *2 (S.D. Cal. Sept. 10, 2025) (denying the plaintiff's motion for a temporary restraining order "because, when 'a court lacks subject matter jurisdiction over an action, it necessarily is powerless to grant a TRO.'") (quoting *Eftekari v. Select Portfolio Servicing, Inc.*, 2025 WL 97609, at *3 (S.D. Cal. Jan. 13, 2025)).

Even if the Court did have subject matter jurisdiction, it would not have the authority to enjoin Whitefish Credit Union and Purday because they are not parties to this action. *See e.g. Zepeda v. United States Immigration Servs.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal

jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *Mira v. Deutsche Bank National Trust Co.*, 2025 WL 2062698, at *3 (D. Ariz. July 22, 2025) ("[I]n general, the court cannot issue a temporary restraining order requiring non-parties [to] take action.") (citation omitted); *Lehman v. Orange County Sheriffs Dept.*, 2025 WL 2020026, at *1 (C.D. Cal. June 25, 2025) (citing *Zepeda* and recognizing that is improper for a plaintiff to seek a preliminary injunction against a non-party).

## IV.    <u>Conclusion</u>

For the reasons explained above,

IT IS ORDERED that:

(1) The United States' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) (Doc.10) is GRANTED and Plaintiffs' FTCA claims against the United States are dismissed WITHOUT PREJUDICE to the refiling of a new FTCA action;

(2) Plaintiffs' claims against Montana DEQ are REMANDED to the Montana Eleventh Judicial District Court, Flathead County, Montana.

(3) Plaintiffs' motion for a temporary restraining order and preliminary

//

injunction against non-parties Whitefish Credit Union and Ryan Purdy, Frampton Purdy Attorneys at Law (Doc. 15) is DENIED.

DATED this 15th day of October, 2025.

_____
Kathleen L. DeSoto
United States Magistrate Judge